Andrew Gerber
Vanessa Sorrentino
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
vanessa@kgfirm.com
*Attorneys for Plaintiff Raeha Keller*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAEHA KELLER, | : |
| | : |
| *Plaintiff*, | :   Case No. 23-cv-10717 |
| | : |
| v. | :   **COMPLAINT FOR COPYRIGHT** |
| | :   **INFRINGEMENT** |
| ROADGET BUSINESS PTE. LTD., a | : |
| Singapore private limited company; | : |
| SHEIN US SERVICES, LLC, a Delaware | : |
| limited liability company; and FASHION | : |
| CHOICE PTE. LTD., a Singapore private | : |
| limited company, | : |
| | : |
| | :   **JURY TRIAL DEMANDED** |
| *Defendants*. | : |
| | : |

Plaintiff Raeha Keller ("Plaintiff" or "Ms. Keller"), by and through her undersigned

attorneys, for her complaint against defendants Roadget Business Pte. Ltd. ("Roadget"), Shein US

Services, LLC ("SUS"), and Fashion Choice Pte. Ltd. ("Fashion Choice") (collectively, the

"Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This is an action for copyright infringement brought by an independent artist

against a web of interrelated corporate entities operating under the Shein and Emmacloth brands.

2.      While Defendants hold out the Shein brand as one of the largest and fastest growing e-commerce retailers in the world and have recently filed for a U.S. IPO, seeking a valuation of up to $90 billion, Defendants' business in fact relies in part on a coordinated scheme of pervasively infringing the copyrights of independent artists and businesses for financial gain.

3.      Roadget, together with SUS, Fashion Choice, and their corporate affiliates and a multitude of suppliers, has engaged in a coordinated scheme with the purpose, plan, and effect of infringing the copyrights of independent artists and businesses for its own financial gain.

4.      In the past five years, intellectual property owners have collectively filed more than 100 infringement lawsuits against Roadget and/or its corporate affiliates and predecessors, at a rate that far outpaces claims against similar companies. Many more artists and businesses either have resolved or dropped potential infringement claims against Roadget and/or its corporate affiliates and predecessors without ever filing suit, while others have never even learned that their intellectual property was infringed in the first place.

5.      In no small part because of this unrelenting scheme of willful and widespread copyright infringement, Roadget has achieved commercial success—more than $10 billion in sales in the United States in 2022—through the Shein U.S. website (us.shein.com), the Romwe U.S. website (us.romwe.com), the Emmacloth U.S. website (emmacloth.com), and their corresponding mobile apps.

6.      In a recent legal filing, Roadget had the audacity to claim that "[t]he success of the SHEIN brand inspires many copycats. Roadget regularly finds sellers on e-commerce platforms selling goods bearing infringing copies of its copyrighted designs." In reality, Roadget is one of the biggest sources of infringing goods on the planet today, and the success of the Shein brand is due in no small part to systematic copyright infringement.

7.      Plaintiff has been and continues to be systematically targeted and exploited by Defendants' unlawful conduct. In fact, this is the second lawsuit that Plaintiff has been forced to file against Roadget and its corporate affiliates and predecessors based on infringement of Plaintiff's original copyrighted designs—and including in some instances the exact same designs. The astounding scope and continued nature of Roadget's theft makes it virtually impossible for Plaintiff to run a business or make a livelihood as an independent artist.

8.      Plaintiff seeks relief for Defendants' continued sale and display of various products featuring unauthorized and infringing copies of her original designs. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement.

## PARTIES

9.      Plaintiff Raeha Keller is an individual living in Los Angeles, California. Ms. Keller owns the respective copyrights for the original designs at issue and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this complaint.

10.     Defendant Roadget is a private limited company organized under the laws of the country of Singapore. Roadget is the owner of the Shein brand, the SHEIN trademark, the website located at us.shein.com (the "Shein U.S. Website"), and the corresponding mobile application (the "Shein Mobile App"). Roadget is also the owner of the Emmacloth brand, the EMMACLOTH trademark, and the website located at emmacloth.com (the "Emmacloth U.S. Website").

11.     Defendant SUS is a limited liability company organized under the laws of the State of Delaware. SUS is Roadget's affiliate and licensee and is involved in the operation of Shein in the United States, including the Shein U.S. Website and the Shein Mobile App.

12.    Defendant Fashion Choice is a private limited company organized under the laws of the country of Singapore. Fashion Choice is Roadget's affiliate and licensee and is involved in the operation of Emmacloth in the United States, including the Emmacloth U.S. Website.

## JURISDICTION AND VENUE

13.    This matter is an action for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

14.    The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

15.    This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendants do systematic business in New York and in this District by displaying, offering for sale, targeting, advertising, and selling products to consumers through the Shein U.S. Website, the Shein Mobile App, the Emmacloth U.S. Website, and various social media platforms. Defendants have also committed unlawful acts outside of New York that caused injury to Plaintiff within New York and this District; regularly do or solicit business in New York and this District; derive substantial revenue from goods used or services rendered in New York and this District; expect or reasonably should expect their infringing conduct to have consequences in New York and this District; and derive substantial revenue from interstate commerce.

16.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants committed unlawful acts of infringement in this District, Defendants' unlawful conduct resulted in damage to Plaintiff in this District, and Defendants do business here and are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I.    Ms. Keller and her Original Designs

17.    Ms. Keller is a popular independent artist and designer who makes a living selling her original designs in the form of enamel pins, embroidered patches, and other original products under the brand name Ectogasm. Ms. Keller sells a variety of products featuring her original designs direct to consumers through her e-commerce website and online storefront, located at ectogasm.net, and through various authorized third-party websites and retailers. Known for her strange and spooky designs, Ms. Keller has a devoted based of fans and consumers.

18.    Six of Ms. Keller's most popular designs are at issue in this suit: *Skeleton Heart Hands*, "*You're Never Alone If You Have Demons" Ghost Heart, Silver Bat, Horror Movies Heart, Rainbow Ghosts,* and *Ghost Hearts* (the "Original Designs"), shown below.





19.    On June 21, 2019, Plaintiff received federal copyright registration No. VA 2-162-495 for *Skeleton Heart Hands*.

20.    On June 21, 2019, Plaintiff received federal copyright registration No. VA 2-162-496 for *"You're Never Alone If You Have Demons" Ghost Heart*.

21.     On June 3, 2022, Plaintiff received federal copyright registration No. VA 2-306-766 for *Silver Bat*.

22.     On November 9, 2023, Plaintiff received federal copyright registration No. VA 2-370-354 for *Horror Movies Heart*.

23.     On November 9, 2023, Plaintiff received federal copyright registration No. VA 2-370-356 for *Rainbow Ghosts*.

24.     On November 9, 2023, Plaintiff received federal copyright registration No. VA 2-370-358 for *Ghost Hearts*.

**II.     Defendants' Willful Infringement and Unlawful Conduct**

Defendants' Attempts to Evade Liability While Parlaying Their Widespread Copyright Infringement into a Lucrative IPO

25.     Defendants own and operate multiple fast fashion e-commerce websites that advertise and sell apparel, accessories, jewelry, and other products through their various brands, including Shein and Emmacloth.

26.     Defendants profit by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others.  In connection with the near-endless succession of intellectual property infringement on their websites, Defendants claim to discipline the unscrupulous manufacturers and suppliers with whom they closely work, but in reality they do nothing but continue to order from these suppliers.

27.     Despite having been repeatedly sued for copyright infringement, Defendants continue to willfully infringe the works of independent artists, including many of the same artists, such as Ms. Keller, who have sued Defendants and/or their corporate affiliates and predecessors for copyright infringement in the past. Specifically, Plaintiff has filed suit against Defendants'

predecessor entities over similar conduct in the past involving some of the same Original Designs at issue in this suit.

28.     Yet Defendants are now seeking to parlay their business success—which has been significantly based on infringement of the work of independent artists such as Plaintiff—into a lucrative U.S. IPO. Defendants have filed paperwork with the SEC indicating their intent to go public, and they reportedly are seeking a valuation of up to $90 billion.[1]

29.     Defendants operate via a variety of corporate entities, brands, websites, and mobile applications to shield themselves from liability for the rampant infringement driving their financial success.

30.     For example, Reuters reported that Defendant Roadget replaced Hong Kong-based Zoetop Business Co., Ltd. ("Zoetop") in 2022 as the holding company for all of Defendants' brands and intellectual property, noting that Zoetop had built a reputation as an intellectual property infringer.[2]  Defendants currently appear to be operating under the Roadget umbrella.

31.     Upon information and belief, Defendants have made a calculated business decision that it is more profitable simply to infringe artists' intellectual property than it would be to comply with the law, e.g., by creating or licensing original works.  A critical aspect of this calculus is the fact that Defendants have been largely able to avoid accountability for their infringement, based on their tactics for eluding detection and liability.

---

[1] *See* Kane Wu and Anirban Sen, China's Shein Files for US IPO in Major Test for Investor Appetite -Sources, Reuters, Nov. 27, 2023, https://www.reuters.com/markets/deals/chinese-fast-fashion-shein-files-us-ipo-wsj-2023-11-27/.
[2] *See* Chen Lin, EXCLUSIVE-Chinese fashion firm Shein on Singapore hiring spree as it shifts key assets there, Reuters, Feb. 16, 2022, https://www.reuters.com/article/shein-singapore-idCNL1N2UR09Q.

The Emmacloth U.S. Website and the Emmacloth Infringing Product

32.     Defendants Roadget and Fashion Choice own the Emmacloth brand and operate the Emmacloth U.S. Website as a key pillar of their web of interconnected fast fashion e-commerce retailers and brands.

33.     Defendants Roadget and Fashion Choice are direct sellers of Emmacloth-branded products on the Emmacloth U.S. Website.

34.     Defendants Roadget and Fashion Choice sell Emmacloth-branded products on the Emmacloth U.S. Website directly to consumers in New York and in this District.

35.     Without authorization from Ms. Keller, Defendants Roadget and Fashion Choice created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed and/or sold at least one product featuring a design identical or substantially similar to the *Silver Bat* Original Design (the "Emmacloth Infringing Product"), shown below.

36.     Large numbers of new, distinct products are added to the Emmacloth U.S. Website daily. Due to this large daily influx of products, upon information and belief, there are and/or have been additional products being displayed and sold on the Emmacloth U.S. Website that infringe the Original Designs and/or Plaintiff's other original copyrighted designs.

37.     Below is a side-by-side comparison of the *Silver Bat* Original Design and the Emmacloth Infringing Product that has been discovered to date. The below comparison makes immediately apparent that the elements, composition, arrangement, layout, rendering, design, and appearance of the Emmacloth Infringing Product is substantially similar, if not identical, to the *Silver Bat* Original Design.

| Original Design | Infringing Product |
|---|---|
| *Silver Bat* | SKU: sh2306259125615443 |
|  |  |

38.     Defendants Roadget and Fashion Choice have directly financially benefited from displaying and selling the Emmacloth Infringing Product on the Emmacloth U.S. Website.

39.     Defendants Roadget's and Fashion Choice's infringement of the *Silver Bat* Original Design has been willful. Defendants Roadget and Fashion Choice never attempted to contact Ms. Keller to inquire about properly licensing the *Silver Bat* Original Design. Instead, Defendants Roadget and Fashion Choice simply raided Ms. Keller's intellectual property to create the Emmacloth Infringing Product.

40.     Defendants Roadget and Fashion Choice know they are selling cheap products from manufacturers, suppliers, and third-party sellers that regularly deal in infringing products but

continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

41.     Ms. Keller has been forced to file this action to protect her rights and livelihood and to protect the integrity of her artwork.

<u>The Shein U.S. Website, the Shein Mobile App, and the Shein Infringing Products</u>

42.     Defendants Roadget and SUS own the Shein brand and operate the Shein U.S. Website and Shein Mobile App as the central pillar of their web of interconnected fast fashion e-commerce retailers and brands.

43.     Defendants Roadget and SUS sell Shein-branded products on the Shein U.S. Website and Shein Mobile App directly to consumers in New York and in this District.

44.     Defendants Roadget and SUS also sell Shein-branded products directly to consumers in New York and in this District via temporary and/or seasonal "pop-up shops." Most recently, Defendants Roadget and SUS hosted a pop-up shop for the Shein brand in this District at Forever 21 Times Square, 1540 Broadway, B3 New York, NY 10036 from November 9-12, 2023.[3]

45.     Without authorization from Ms. Keller, Defendants Roadget and SUS created, manufactured, caused to be manufactured, imported, marketed, distributed, displayed and/or sold products featuring designs identical or substantially similar to the Original Designs (the "Shein Infringing Products").

---

[3]     *See* Shein Home for the Holidays Pop-Up Shop Experience, https://us.shein.com/campaigns/shein_us_nycpopup.

46.     Ten thousand new products are added to the Shein U.S. Website and Shein Mobile App daily.[4] Due to this large daily influx of products, upon information and belief, there are and/or have been additional products being displayed and sold on the Shein U.S. Website and Shein Mobile App that infringe the Original Designs and/or Plaintiff's other original copyrighted designs.

47.     Below is a side-by-side comparison of the Original Designs and the eight (8) Shein Infringing Products that have been discovered to date. The below comparison makes immediately apparent that the elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Shein Infringing Products are substantially similar, if not identical, to the Original Designs.

| Original Design | Infringing Product |
|---|---|
| *Skeleton Heart Hands* | SKU: sj2307268846257229 |
|  |  |

---

[4] *See* Alina Selyukh, America can't resist fast fashion. Shein, with all its issues, is tailored for it, NPR, Oct. 13, 2023, https://www.npr.org/2023/10/13/1204983212/shein-america-fast-fashion-legal-issues.

| Original Design | Infringing Product |
|---|---|
| *"You're Never Alone If You Have Demons"*<br>*Ghost Heart* | SKU: sj2305103109311411 |
|  |  |

| Original Design | Infringing Product |
| --- | --- |
| *Silver Bat* | SKU: sg2309142072035223 |



*Detail of Infringing Product*

| Original Design | Infringing Product |
|---|---|
| *Silver Bat* | SKU: sj2307113554426388 |



*Detail of Infringing Product*

| Original Design | Infringing Product |
|:---:|:---:|
| *Silver Bat* | SKU: sj2308248811720218 |



*Detail of Infringing Product*

| Original Design | Infringing Product |
|---|---|
| *Horror Movies Heart* | SKU: sh2310108876850976 |



*Detail of Infringing Product*

| Original Design | Infringing Product |
|---|---|
| *Rainbow Ghosts* | SKU: sk2310212151222210 |
|  |  |

| Original Design | Infringing Product |
|---|---|
| *Ghost Hearts* | SKU: sk2310183000735953 |
|  |  |

48.     Beginning in May 2023, Defendants Roadget and SUS launched the "Shein Marketplace," a new platform hosted on the Shein U.S. Website that supplements Defendants Roadget's and SUS's direct-seller model by ostensibly allowing consumers to purchase products from a select number of vetted third-party vendors. In reality, the newly created Shein Marketplace is no different from the Shein U.S. Website's prior direct-seller model, and these third-party vendors in practice function more as traditional wholesale suppliers.

49.     Upon information and belief, a large number of products sold on the Shein U.S. Website and Shein Mobile App, which are supposedly sold by third-party vendors on the Shein Marketplace, have the same SKU numbers, product names, and product photos as products sold

on the Emmacloth U.S. Website, which are sold directly by Defendants Roadget and Fashion Choice. This suggests that there is more at work here than simply rogue third-party vendors.

50.     Upon information and belief, the third-party vendors on the Shein Marketplace are primarily Chinese manufacturers and suppliers, many of which are the same entities that supplied Defendants Roadget and SUS with Shein-branded products for display and sale on the Shein U.S. Website prior to the launch of the Shein Marketplace in May 2023, and from which Defendants Roadget and Fashion Choice source the products sold on the Emmacloth U.S. Website.

51.     Defendants Roadget and SUS exercise substantial control over the third-party vendors and products sold on the Shein Marketplace.

52.     Defendants Roadget and SUS provide a wide array of financing, onboarding, logistics, and other services to their third-party vendors that go well beyond traditional marketplace services. Upon information and belief, Defendants directly finance and invest in factories, infrastructure, and training, among other things, for the benefit of the third-party vendors on the Shein Marketplace. In June 2023, Defendants launched AcceleraSHEIN, an integrated support platform for third-party vendors that "offers a holistic system of support to all marketplace sellers throughout their journey on SHEIN Marketplace, including training and upskilling, seller benefits and incentives to help them achieve their business goals."[5]

53.     Defendants Roadget and SUS curate, select, and control which entities will be third-party vendors on the Shein Marketplace.

_____

[5] SHEIN Launches 'AcceleraSHEIN' To Empower Marketplace Sellers, Continues Global Roll-Out of Integrated Marketplace, June 22, 2023, https://sheingroup.com/corporate-news/press-releases/shein-launches-accelerashein-to-empower-marketplace-sellers-continues-global-roll-out-of-integrated-marketplace/.

54.     Upon information and belief, Defendants Roadget and SUS curate, select, and control the products "designed" and sold by third-party vendors on the Shein Marketplace for the benefit of their customers, in much the same way they curate, select, and control the products that they themselves sell directly.

55.     Defendants Roadget and SUS utilize a sophisticated web scraping technology and artificial intelligence-based software that scours the Internet and surveys their users' browsing habits, including on websites other than the Shein U.S. Website and the Emmacloth U.S. website, to determine which products to source and sell on the Shein Marketplace.

56.     Upon information and belief, Defendants Roadget and SUS are involved in the creation and publication of the Shein Marketplace page on the Shein U.S. Website and the Shein Mobile App for each third-party vendor, including the selection and uploading of the images, designs, and other vendor information.

57.     Upon information and belief, Defendants Roadget and SUS are involved in the curation, selection, and publication of the third-party vendors' product pages and product photos on the Shein U.S. Website and the Shein Mobile App.

58.     Upon information and belief, after Defendants Roadget and SUS select an entity to be a third-party vendor, Defendants direct the third-party vendor to Defendants' own photography studio vendors to photograph the products for future publication on the Shein U.S. Website and the Shein Mobile App.

59.     Upon information and belief, Defendants Roadget and SUS have an excessive degree of control in setting the prices of the products sold on the Shein Marketplace.

60.     Defendants Roadget and SUS exercise a substantial degree of control over the marketing and advertising of all products sold on the Shein Marketplace.

61.     Defendants Roadget and SUS exercise a significant degree of control and influence over the storage, warehousing, and distribution of the products sold on the Shein Marketplace (including through Defendants' centralized distribution centers in Guangdong Province, China).

62.     Defendants Roadget and SUS process the payments for all transactions completed on the Shein U.S. Website and the Shein Mobile App, including the Shein Marketplace.

63.     Defendants Roadget and SUS exercise a substantial degree of control over customer service, returns, and refunds for all orders placed on the Shein U.S. Website and Shein Mobile App, including the Shein Marketplace.

64.     Upon information and belief, Defendants Roadget and SUS maintain data security services to protect consumers' personal and payment information for all orders placed on the Shein U.S. Website and Shein Mobile App, including the Shein Marketplace.

65.     Defendants Roadget and SUS are not simply "passive hosts" of the infringing products being sold on the Shein Marketplace but are instead integrally involved in every step of the creation, sourcing, display, and sale of the Shein Infringing Products, making them direct participants in the infringement.

66.     Any claim by Defendants Roadget and SUS that they are not responsible for infringing products sold on the Shein Marketplace is meritless and is merely the next iteration of Defendants' repeated attempts to shift blame for their role in the infringement scheme.

67.     Defendants Roadget and SUS have directly financially benefited from displaying and selling the Shein Infringing Products on the Shein U.S. Website and Shein Mobile App. Defendants Roadget and SUS have directly financially benefited from the availability of and sales of the Shein Infringing Products on the Shein Marketplace.

68. Defendants Roadget's and SUS's infringement of the Original Designs has been willful. Defendants never attempted to contact Plaintiff to inquire about properly licensing the Original Designs. Instead, Defendants Roadget and SUS simply raided Plaintiff's intellectual property to create the Shein Infringing Products.

69. Defendants Roadget and SUS know they are selling cheap products from manufacturers, suppliers, and third-party vendors that regularly deal in infringing products but continue to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

70. Plaintiff has been forced to file this action to protect her rights and livelihood and to protect the integrity of her artwork.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against All Defendants)**

71. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 70 above and incorporates them herein by reference.

72. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in the Original Designs.

73. Defendants had access to Plaintiff's Original Designs, including, without limitation, through (a) viewing the Original Designs on Plaintiff's website or social media; (b) viewing the Original Designs on an authorized third-party retailer's website or social media; and/or (c) purchasing products featuring the Original Designs from Plaintiff or an authorized third-party retailer.

74.     Defendants copied, reproduced, distributed, adapted, publicly displayed, and/or sold elements of the Original Designs without the consent, permission, or authority of Plaintiff.

75.     Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

76.     Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

77.     Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

78.     Alternatively, Plaintiff is entitled to an award of statutory damages for each of the Original Designs, pursuant to 17 U.S.C. § 504.

79.     Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505.

80.     Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Emmacloth Infringing Product and Shein Infringing Products or any other products that bear substantially similar copies of Plaintiff's copyrighted Original Designs.

81.     Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.
### (Against Defendants Roadget and SUS)

82.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 81 above and incorporates them herein by reference.

83.    Defendants Roadget and SUS knew of the infringement of Plaintiff's copyrighted Original Designs on the Shein U.S. Website and the Shein Mobile App (including on the Shein Marketplace).

84.    Defendants Roadget and SUS unlawfully allowed, enabled, or otherwise facilitated the creation and distribution of the Shein Infringing Products.

85.    Defendants Roadget and SUS knowingly induced, caused, and/or materially contributed to the direct infringement of Plaintiff's copyrighted Original Designs.

86.    Plaintiff has been damaged by, and Defendants Roadget and SUS have profited and materially benefited from, the infringement of Plaintiff's copyrighted Original Designs.

87.    Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Designs.

**THIRD CLAIM FOR RELIEF**
**VICARIOUS COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, et seq.**
**(Against Defendants Roadget and SUS)**

88.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 87 above and incorporates them herein by reference.

89.    Defendants Roadget and SUS receive a direct financial benefit from the infringing activities occurring on the Shein Marketplace, including sales of the Shein Infringing Products.

90.    Defendants Roadget and SUS receive a direct financial benefit through the availability of the Shein Infringing Products and material on the Shein Marketplace, which acts as a draw for customers and results in sales and further profits and revenues to Defendants Roadget and SUS.

91.    Defendants Roadget and SUS have the right and ability to control and supervise the infringing activity of third-party vendors on the Shein Marketplace through the exercise of

substantial control over the third-party vendors, the products displayed and sold, and the marketing and advertising of all products displayed and sold on the Shein Marketplace.

92.    Defendants Roadget and SUS have failed to exercise their right and ability to supervise or control the infringing activity occurring on the Shein Marketplace.

93.    Defendants Roadget and SUS have the ability to stop or limit the infringing activity occurring on the Shein Marketplace, as well as the practical ability to do so.

94.    Defendants Roadget and SUS have failed to stop or limit the infringing activity occurring on the Shein Marketplace.

95.    Plaintiff has been damaged by, and Defendants Roadget and SUS have profited and materially benefited from, the direct infringement of Plaintiff's copyrighted Original Designs.

96.    Plaintiff is entitled to the remedies set forth above for the copyright infringement of Plaintiff's copyrighted Original Designs.

**WHEREFORE**, Plaintiff demands judgment as follows:

1.    For an order permanently restraining and enjoining Defendants from copying, reproducing, distribution, adapting, publicly displaying, and/or selling the Original Designs or any elements thereof;

2.    For an order requiring the destruction of all of Defendants' infringing products, including the Emmacloth Infringing Product and the Shein Infringing Products, and all marketing, advertising, or promotional materials depicting Defendants' infringing products;

3.    For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

4.    For an award of all of Defendants' disgorged worldwide profits attributable to Defendants' copyright infringement;

5.      For an award of statutory damages for the Original Designs under the Copyright Act, 17 U.S.C. § 504(c), as well as attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505;

6.      For reasonable attorney's fees and costs of suit incurred herein;

7.      For interest, including prejudgment interest, on the foregoing sums; and

8.      For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:      New York, New York            Respectfully Submitted,
            December 8, 2023
                                          KUSHNIRSKY GERBER PLLC


                                          By: _____
                                          Andrew Gerber
                                          Vanessa Sorrentino
                                          andrew@kgfirm.com
                                          vanessa@kgfirm.com
                                          27 Union Square West, Suite 301
                                          New York, NY 10003
                                          (212) 882-1320
                                          *Attorneys for Plaintiff Raeha Keller*